BLANCHE, Judge
(dissenting).
It is ludicrous to call the $50 which the first Mrs. Everett receives from her ex-husband “alimony.” It is more appropriate to call it a “tribute” which she has exacted from him through judicial edict since March 22, 1957.
MRS. EVERETT’S CIRCUMSTANCES
Mrs. Everett is employed at Our Lady of the Lake Hospital and her take-home pay is $331.92 per month. She has two savings accounts, one in the Louisiana National Bank with a balance of $231.13 and in which she regularly deposits $5 per month, and another at the Capital Building and Loan Association with a balance of $2,545.18, in which she usually deposits $25 per month. (See copy of entries made in savings account books filed in evidence.)
Additionally, she received in the community property settlement which took place approximately thirty years ago the home place. She has given two lots from this property, of approximately one acre each, to her two children and has approximately 3.284 acres left on which is located the debt-free home. The land was valued by Chester A. Driggers, an expert real estate appraiser well known to our courts, at $5,000 per acre. Mr. Driggers was unable to appraise the house because Mrs. Everett would not allow him inside to inspect its condition. To explain this conduct, her lawyer stated that Mrs. Everett had elected “not to let a strange man in her house.” The trial judge said that her property was probably worth between $14,000 to $17,000, and simple arithmetic indicates it would be worth at least $10,000 more had she not given two lots away. Mrs. Everett also owns an automobile.
The foregoing circumstances were considered by my colleagues and the trial judge as not sufficient for her maintenance and as being alleviated by a $50 per month alimony payment.
MR. EVERETT’S CIRCUMSTANCES
In my view the first Mrs. Everett’s circumstances are so far from necessitous that the circumstances of Mr. Everett are irrelevant. However, for the record, Mr. *514 Everett was found to have a bronchogenic carcinoma of the right lung and consequently, a right pneumonectomy was performed by Dr. Charles A. Beskin in March of 1975. Follow-up x-rays show compensatory emphysema of the left lung. Mr. Everett had to borrow $500 to pay the remainder of his doctor and hospital bills. He also claimed to be spitting up blood at the time of trial and to need further medical care, and it is undisputed that he is unable to work.
Mr. Everett’s income consists of the following: retirement income from Standard Oil in the sum of $208 per month; Social Security, $211 per month for himself and $311 per month for his three children of the second marriage. His wife works and has take-home pay of $480 per month, and as a matter of law, these earnings fall into the community, so, therefore, Mr. Everett can claim $240 per month of these earnings toward the totality of his financial circumstances: I do not believe it can be argued that the Social Security benefits received by his children should be counted toward his circumstances.
Mr. Everett had to move from his former residence on Seneca Street and is now residing in a $34,000 house on which there is a $24,000 mortgage, with payments of $260 per month.
An analysis of the present living expenses of Mr. Everett reveals that he has every bit as much difficulty making ends meet as does Mrs. Everett, and if she is in necessitous circumstances, so is he.
THE ERROR
I believe the law considers alimony paid to the wife under the provisions of LSA-C.C. Art. 160 as a pension, and it is only payable when she is without “sufficient means” for her maintenance. “Maintenance” has been defined previously as food, shelter and clothing. It is not to be confused with alimony paid under the provisions of LSA-C.C. Art. 148, which has reference to “sufficient income” of the wife, payable in proportion to her needs and to the means of her husband.
The proof that Mrs. Everett is able to save on her salary, though laudable, is also proof that she does not require $50 per month from Mr. Everett for her maintenance. We committed grievous error by not taking Mrs. Everett “off of his back” under the foregoing circumstances of her means and his poor health in the later years of his life.
Finally, it is called to my attention that while I was not the author of Bryant v. Bryant, 310 So.2d 648 (La.App. 1st Cir. 1975), I did concur with my colleagues in that opinion where the wife had an interest in property valued at more than $15,-000. I reaffirm my concurrence in that opinion because a lack of liquidity of the wife’s means in that case contributed nothing toward her maintenance except shelter.
For the above reasons, I respectfully dissent.